UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LETONYA MICKENS,

    Plaintiff,                          Case No.:

v.

LABORATORY CORPORATION OF AMERICA,
a Foreign for Profit Corporation,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, LETONYA MICKENS (hereinafter referred as "MICKENS" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant LABORATORY CORPORATION OF AMERICA (hereinafter referred as "LABCORP" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA"), and in support of states as follows:

**NATURE OF CASE**

The Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., is a United States federal law requiring covered employers to provide employees job-protected and unpaid leave for qualified medical and family reasons. The FMLA was intended to balance the demands of the workplace with the needs of families. Defendant violated the FMLA by interfering and retaliating against Plaintiff for engaging in his FMLA rights. Plaintiff is

seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

## PARTIES

1. MICKENS was hired by Defendant on or about April 2017 as a Site Coordinator.

2. LABCORP provides clinical laboratory services nationwide.

3. MICKENS was assigned by LABCORP to work in Apopka, Orange County, Florida.

4. By the very nature of its work, LABCORP is a corporation that is engaged in commerce.

5. LABCORP is engaged in an industry affecting commerce.

6. LABCORP employs more than fifty (50) employees.

7. LABCORP employs more than fifty (50) employees within 75 miles of Melbourne, Florida.

8. Plaintiff is an "employee" as defined by the FMLA.

9. LABCORP is an "employer" as defined by the FMLA.

## JURISDICTION & VENUE

10. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

11. This claim arises under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391. The events giving rise to this action occurred within this District.

12. Plaintiff worked for LABCORP in Apopka, Orange County, Florida.

13. LABCORP conducts business in Apopka, Orange County, Florida.

14. Venue is proper in the Orlando Division of the Middle District of Florida pursuant to Local Rule 1.02(b)(2).

## **FACTUAL ALLEGATIONS**

15. Plaintiff began her employment with LABCORP on or about April 2017.

16. Plaintiff was employed with LABCORP for more than one (1) calendar year leading up to June 2020.

17. Plaintiff worked 1,250 hours for LABCORP during the year immediately preceding June 2020.

18. At all times material, Plaintiff performed well while working for the Defendant.

19. In April 2019, a patient who wanted to be allowed to skip her place in line for service became aggressive and threatened physical violence against Plaintiff.

20. The belligerent patient called Plaintiff's supervisor, Kia Thomas, and reported that Plaintiff refused to give the patient her last name.

21. Defendant previously held meetings with staff regarding staff not needing to provide their names to patients if a staff member felt threated by the patient.

22. Plaintiff feared for her safety given the patient cursed at Plaintiff and threatened to punch her.

23. Plaintiff did not give the patient her last name in accordance with Defendant's policy.

24. Plaintiff was never counseled or reprimanded by the Defendant regarding the April 2019 incident.

25. In June 2019, Plaintiff applied for intermittent FMLA to care for her mother who suffered from a serious medical condition.

26. Plaintiff's leave was approved by Defendant.

27. Plaintiff was approved to use her intermitted FMLA leave to take her mother to a doctor's appointment on June 28, 2019.

28. On June 27, 2019, Plaintiff was terminated.

29. Plaintiff was terminated just one day prior to taking approved intermittent FMLA leave due to her mother's doctor's appointment.

30. Ms. Thomas alleged the termination was based upon the incident with the belligerent patient which occurred two months prior.

31. As Plaintiff was leaving, Ms. Thomas asked "Oh, did you get your FMLA paperwork?"

32. Plaintiff responded she had and asked if it had something to do with her termination. Ms. Thomas smirked and turned away.

33. Prior to applying for necessary intermitted FMLA leave, Plaintiff had no performance related issues while working for the Defendant.

34. Accordingly, Defendant's comments and actions are *direct* evidence of bias against Plaintiff for utilizing her FMLA rights.

35. LABCORP's actions interfered with Plaintiff's rights under the FMLA.

36. LABCORP retaliated against Plaintiff for engaging in her rights under the FMLA.

## **COUNT I - INTERFERENCE UNDER THE FMLA**

37. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 36 above as if fully set forth herein.

38. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

39. LABCORP was Plaintiff's employer as defined by the FMLA.

40. LABCORP's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

41. As a direct, natural, proximate and foreseeable result of the actions of LABCORP, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

42. Plaintiff has no plain, adequate or complete remedy at law for the actions of LABCORP, which have caused and continue to cause irreparable harm.

43. LABCORP's violations of the FMLA were willful.

44. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

    a. judgment in her favor and against LABCORP for its interference with her rights under the FMLA;

    b. judgment in her favor and against LABCORP for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of LABCORP's conduct;

    c. judgment in her favor and against LABCORP for her reasonable attorneys' fees and litigation expenses;

    d. judgment in her favor and against LABCORP for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    e. declaratory judgment that LABCORP's practices toward Plaintiff violate her rights under the FMLA; and

    f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## **COUNT II - RETALIATION UNDER THE FMLA**

45. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 36 above as if fully set forth herein.

46. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

47. LABCORP was Plaintiff's employer as defined by the FMLA.

48. LABCORP discriminated and/or retaliated against Plaintiff because LABCORP knew she was eligible for leave under the FMLA.

49. LABCORP discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

50. LABCORP had actual or constructive knowledge of the discriminatory/retaliatory conduct of the Human Resources representative(s).

51. LABCORP's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

52. LABCORP's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

53. LABCORP's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

54. As a direct, natural, proximate and foreseeable result of the actions of LABCORP, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

55. Plaintiff has no plain, adequate or complete remedy at law for the actions of LABCORP, which have caused and continue to cause irreparable harm.

56. LABCORP's violations of the FMLA were willful.

57. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

    a. judgment in her favor and against LABCORP for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

    b. judgment in her favor and against LABCORP for damages, including lost earnings, reinstatement, front pay, and/or

all actual monetary losses suffered as a result of LABCORP's conduct;

c. judgment in her favor and against LABCORP for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against LABCORP for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that LABCORP's practices toward Plaintiff violate her rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted this 5th day of February, 2021.

*/s/ Carlos V. Leach*
Carlos V. Leach, Esq.
Florida Bar No.: 0540021
The Leach Firm, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@theleachfirm.com
Email: npacheco@theleachfirm.com

*Attorneys for Plaintiff*